IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03236-RTG
(**The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may delay the consideration of your claims.**)

JOHAN ANDRES QUINTERO ROMERO,

      Petitioner,

v.

JUAN BALTAZAR,
ICE FIELD OFFICE DIRECTOR,
TODD BLANCHE, and
MARKWAYNE MULLIN,

      Respondents.

---

## ORDER TO FILE AMENDED HABEAS APPLICATION

---

Petitioner Johan Andres Quintero Romero is a federal immigration detainee at

the ICE Aurora Contract Detention Facility in Aurora, Colorado. Petitioner has filed *pro*

*se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paid

the required filing fee. (ECF No. 1).[1] Accordingly, this habeas corpus action was

opened.

The Court must construe the application liberally because Petitioner is not

---

1 "(ECF No. 1)" is an example of the convention used to identify the docket number assigned to a specific filing by the court's Case Management/Electronic Case Files (CM/ECF) system. The convention is used throughout this order.

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Petitioner will be ordered to file an amended habeas application.

## BACKGROUND

Petitioner, a native and citizen of Colombia, raises a single claim in his § 2241 application titled "denial of due process/full and fair bond hearing." (ECF No. 1 at 2). Petitioner was admitted to the United States on a B-2 visitor visa in January 2016 and remained beyond his authorized stay. (ECF No. 1 at 5). He is charged as removable under 8 U.S.C. § 1227(a)(1)(B) for remaining longer than permitted following admission. (*Id.* at 10-11). Petitioner was arrested by ICE in Miramar, Florida, on May 15, 2026, and is currently detained at the GEO Aurora ICE Processing Center. (*Id.* at 5). He requested a bond hearing before an immigration judge, who denied bond; Petitioner states that he believes the denial rested on a flight-risk finding, though he does not have a copy of the decision, but he "know[s] that it was not based on jurisdiction. (*Id.* at 5). Petitioner further alleges that his bond hearing "did not fulfill the requirements of due process" and that he was not given "a full and fair hearing that adequately protected [his] significant liberty interest." (*Id.*). Petitioner argues that no reasonable adjudicator could have found him a flight risk, given his decade-plus residence in the United States, lack of any criminal conviction, timely-filed asylum application, and work history, and that the denial of bond reflects a broader pattern of pressure on immigration judges to deny relief. (*Id.*

2

at 5-6). As relief, Petitioner requests immediate release or, alternatively, release on conditions such as an ankle monitor or ICE check-ins. (*Id.* at 4, 6.)

The Court will now turn to the pleading issues presented by the application.

### PLEADING ISSUES

**1.  Petitioner needs only to name his immediate custodian as respondent.**

The proper respondent in a habeas corpus action is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody."[2] Warden Juan Baltazar is therefore the proper respondent. The amended application should name Warden Baltazar alone and omit the ICE Field Office Director, the acting Director of ICE, and the Attorney General.

**2.  Petitioner must allege a specific violation of federal law within the court's jurisdiction.**

Petitioner's amended application must clearly allege the violation of a federal right that falls within this Court's jurisdiction. Habeas corpus relief is warranted only if

---

2 A "district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254.]" Habeas Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Petitioner must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Because Petitioner was admitted to the United States and is charged on a post-admission deportability ground (rather than as an applicant for admission), his detention is governed by 8 U.S.C. § 1226(a), which authorizes discretionary custody determinations and release on bond pending the completion of removal proceedings. *See Santillan Quiroz v. Mullin*, No. 26-6019, --- F.4th ---, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) (holding that noncitizens who entered the United States and were

thereafter detained in the interior are "usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").

Under 8 U.S.C. § 1226, the Attorney General may arrest and detain a noncitizen pending a decision on whether the noncitizen is to be removed from the United States ("the pre-removal period"). During this pre-removal period, a noncitizen detained under § 1226(a) generally is eligible for release on bond and may request a custody redetermination hearing before an Immigration Judge to determine whether he or she should be released during the removal process. If a habeas petitioner is being detained under § 1226(a) and has been provided a bond hearing, the Court is precluded from reviewing an Immigration Judge's discretionary decision to deny bond under that statute. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").

Read in isolation, § 1226(e) appears to completely bar review of the immigration judge's decision to deny bond. But it does not sweep that broadly. Under the clear-statement rule governing any asserted repeal of habeas jurisdiction, "implications from statutory text or legislative history are not sufficient" to strip a court of jurisdiction under 28 U.S.C. § 2241; Congress must speak with unmistakable clarity. *INS v. St. Cyr*, 533 U.S. 289, 313 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001) (holding that § 1226(e) does not speak with sufficient clarity to bar habeas jurisdiction). And the Supreme Court has distinguished between an individualized discretionary bond

determination, which § 1226(e) forecloses from review, and a legal or constitutional challenge to the statutory framework or process used to reach that determination, which is not foreclosed from review. *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Applied here, the Court has jurisdiction under 28 U.S.C. §§ 2241 and 1331 to consider whether the process Petitioner received—notice, opportunity to present evidence, a reasoned decision, and other process due in this context—was constitutionally adequate. The Court lacks jurisdiction to reweigh flight-risk or dangerousness evidence or to substitute its own bond determination for that of the immigration court.

The § 2241 application alleges that Petitioner's bond hearing "did not fulfill the requirements of due process" and that he was denied a "full and fair hearing that adequately protected [his] significant liberty interest." (ECF No. 1 at 5). These are legal conclusions, not facts. The application does not identify, for example:

- whether Petitioner received notice of the evidence the government intended to rely on at the hearing;
- whether he was permitted to present evidence or testimony of his own, and if so, what he was prevented from presenting, if anything;
- whether the immigration judge gave a reasoned, individualized explanation for the bond denial, or simply announced a result;

6

- whether the immigration judge considered Petitioner's ability to pay a monetary bond or the availability of conditions of release short of detention, such as an ankle monitor or reporting requirements; and

- any other specific act or omission by the immigration judge, ICE, or the immigration court that Petitioner contends made the hearing unfair.

The amended habeas corpus application should include these background facts so the Court can determine whether it has jurisdiction and whether Petitioner is entitled to the relief being requested. Petitioner must therefore file an amended habeas application that clearly pleads a cognizable federal claim within the Court's jurisdiction.

## CONCLUSION

Accordingly, it is

ORDERED that Petitioner shall have thirty (30) days from the date of this order to file an amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Petitioner must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Petitioner shall obtain and utilize the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The form, along with the applicable instructions, can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that Petitioner must submit a single, completed application on the court-approved form as one document that contains all claims and

allegations. Petitioner is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that if Petitioner fails to file an amended habeas application as directed within the time allowed, the action may be dismissed without further notice.

DATED July 22, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge